UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICHOLAS COSTELLO,           )
                             )
        Plaintiff,           )
                             )
    v.                       )     Civil Action No. 3:17-cv-30184-KAR
                             )
MOLARI, INC., and GAIL MOLARI, )
                             )
        Defendants.          )

MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 31)

ROBERTSON, M.J.

I.   INTRODUCTION

Plaintiff Nicholas Costello ("Plaintiff") brings his wage and hour claims under federal and state law against Defendants Molari, Inc. ("Molari") and Gail Molari (collectively, "Defendants"). Defendants seek summary judgment against Plaintiff, arguing, *inter alia*, that Plaintiff has not shown that Defendants were "engaged in commerce" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(b), (s) ("FLSA"). Plaintiff's FLSA claim, Count I in the complaint, is the only federal claim he asserts. The parties have consented to this court's jurisdiction (Dkt. No 11). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Because the court agrees that Plaintiff has not shown that Defendants are covered by the FLSA, the court grants Defendants' summary judgment motion as to Count I of the complaint and dismisses the pendent state law claims in Counts II-IV without prejudice.

II.  RELEVANT FACTS

The following facts are drawn from Defendants' and Plaintiff's separate Statements of Facts (Dkt. Nos. 33, 36) and documents referenced therein. Molari is a temporary employment

1

agency (Molari Dep. 9:22-24 – 10:1-21, Dkt. No. 33-27 at 4-5), which, at the relevant time, employed some 150 people as home health aides, personal care assistants, homemakers, and companions (Molari Dep. 16:10-24). The company had an in-house staff that ran the business, and a field staff comprised of the employees who worked in Molari's employment services business or its health care department (Sime Dep. 17:7-24, Dkt. No. 33-17 at 6). Molari has its sole office in Pittsfield, Massachusetts (Sime Aff. ¶ 3, Dkt. No. 33-16 at 1). The company operates and markets its services exclusively in Massachusetts. All of the company's clients are in Massachusetts, and it derives all its revenue from these Massachusetts clients (Sime Aff. ¶¶ 9-16). Plaintiffs do not dispute these facts (Dkt. No. 36 at 4-5, ¶¶ 18-26).

In February 2014, Plaintiff was hired by Molari as a staffing coordinator/recruiter (Dkt. No. 33 at 1, ¶¶ 2-3; Dkt. No. 36 at 1, ¶¶ 2-3). About six months into his job, Plaintiff transferred into a different position in the health care division. The parties dispute whether, in this position, Plaintiff functioned primarily as a supervisor or did little more than arrange the schedules of Molari's field staff. On October 28, 2016, Plaintiff resigned his employment with Defendants (Costello Dep. 18:17-18, Dkt. No. 33-7 at 6). On December 29, 2017, Plaintiff filed this action (Dkt. No. 1). In paragraphs 12 and 13 of his complaint, respectively, Plaintiff alleged that "Defendants were at all relevant times an 'enterprise engaged in commerce or in the production of goods for commerce' as defined in defined in 29 U.S.C. § 203(s)" and that "Plaintiff was at all relevant times an employee 'engaged in commerce or in the production of goods for commerce' as defined in 29 U.S.C. § 207(a)" (Dkt. No. 1 at 2, ¶¶ 12, 13). In their answer (Dkt. No. 6 at 2) and their amended answer (Dkt. No. 9 at 2), in response to these allegations, Defendants objected to the use of the term "relevant period" on the grounds that the term had not been identified or defined with any specificity and "[a]dmit[ted] to the remainder."

III. DISCUSSION

A. Standard of Review

The court shall grant summary judgment when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). The initial burden rests with the moving party to apprise the court "'of the basis for its motion, and [to] identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000) (quoting *Celotex Corp.*, 477 U.S. at 323). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor." *DeNovellis v. Shalala,* 124 F.3d 298, 306 (1st Cir. 1997).

B. Defendants' Summary Judgment Motion

1. FLSA Claim

"Pursuant to § 16(b) of the FLSA, any employer who violates the overtime compensation or minimum wage provisions of sections 6 or 7 is liable to the employee or employees affected in the amount of their unpaid minimum wages or overtime compensation, plus an additional equal amount as liquidated damages." *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 674 (1st Cir. 1998) (citing 29 U.S.C. § 216(b)).

> In order for the [defendant's] commercial activities to be subject to the Fair Labor Standards Act, two conditions must be satisfied. First, the [defendant's] businesses must constitute an "[e]nterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s). Second, the associates must be "employees" within the meaning of the Act.

3

*Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985).

"The burden is on the employee to prove a sufficient nexus to interstate commerce as an essential element of the claim." *Martinez v. Petrenko*, 792 F.3d 173, 175 (1st Cir. 2015) (citing *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 32-33 & n.6 (1st Cir. 2007)). "A plaintiff can establish this nexus either by showing that they, as an employee, engaged in interstate commerce ('individual coverage') or that their employer has other employees engaging in interstate commerce *and* has annual gross sales of at least $ 500,000 ('enterprise coverage')." *Brown v. J&W Grading, Inc.*, 390 F. Supp. 3d 337, 348 (D.P.R. 2019) (citing *Martinez*, 792 F.3d at 175) (emphasis in original); *see also Sam Li v. Fu Hing Main Rest., Inc.*, CIVIL ACTION NO. 1:17-cv-10670-MPK, 2018 WL 3682488, at *3 (D. Mass. Aug. 2, 2018). "In this context, the term 'commerce' means 'trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.'" *Culver-Taylor v. Foster*, Case No. 5:17-CV-289-LC/MJF, 2019 WL 1430402, at *4 (N.D. Fla. Feb. 22, 2019), *report and recommendation adopted*, Case No. 5:17CV289/MCR/MJF, 2019 WL 1430418 (N.D. Fla. Mar. 30, 2019) (citing 29 U.S.C. § 203(b)). "If enterprise coverage applies, all of the enterprise's employees are protected under the FLSA, even if they are not personally involved in interstate commerce." *Cruz v. Bos. Litig. Sols.*, Civil Action No. 13-11127-LTS, 2016 WL 3568254, at *5 (D. Mass. May 24, 2016). To show that enterprise coverage exists, Plaintiff must point to evidence that the employer had "employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and there must be evidence that the employer had gross volume sales "not less than $500,000 (exclusive of excise

4

taxes at the retail level that are separately stated)." 29 U.S.C.A. § 203(s)(1)(A)(i), (ii). *See Donovan v. Agnew*, 712 F.2d 1509, 1516 (1st Cir. 1983) (remanding the appeal of a summary judgment decision where the plaintiff's allegations that the defendant employer had gross volume sales over the limit were "insufficiently supported"). As to the alternative theory of coverage, "the First Circuit offers no 'road map' as to how employees can show individual coverage." *Brown*, 390 F. Supp. 3d at 353 (quoting *Martinez*, 792 F.3d at 175). In *Brown*, another session of this court looked to the Department of Labor ("DOL") regulations interpreting the reach of the FLSA's wage and hour laws, noting that the DOL regulations:
> offer the following considerations:
>
> "One practical consideration to be asked is whether, without the particular service, interstate or foreign commerce would be impeded, impaired or abated; others are whether the service … makes it possible for existing instrumentalities of commerce to accomplish the movement of such commerce effectively and to free it from burdens or obstructions."

*Id.* (quoting 29 C.F.R. § 776.9).

As noted above, Plaintiff alleged in the complaint that "Defendants were at all relevant times an 'enterprise engaged in commerce or in the production of goods for commerce' as defined in 29 U.S.C. § 203(s)" and that he "was at all relevant times an employee 'engaged in commerce or in the production of goods for commerce' as defined in 29 U.S.C. § 207(a)" (Dkt. No. 1 at 2, ¶¶ 12, 13). In response to each of these allegations, Defendants responded: "The defendants object to the use of the term 'Relevant Period' which has neither been identified nor defined with any specificity within the Plaintiffs [sic] Complaint. Admit the remainder" (Am. Answer ¶¶ 12, 13 at 2). Plaintiff resists summary judgment for Defendants on the basis of these responses to the allegations of FLSA coverage in Plaintiff's Complaint, contending that Defendants admitted to being covered by the FLSA in their amended answer to the complaint

5

and are bound by these admissions (Dkt. No. 35 at 3-4).

"Generally speaking, '[a] party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding.'" *Lima v. Holder*, 758 F.3d 72, 79 (1st Cir. 2014) (quoting *Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., Inc.*, 976 F.2d 58, 61 (1st Cir.1992)); *Pruco Life Ins. Co. v. Wilmington Trust Co.*, 721 F.3d 1, 11 (1st Cir. 2013).

> Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are "not evidence at all but rather have the effect of withdrawing a fact from contention."

*Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995) (quoting Michael H. Graham, *Federal Practice and Procedure: Evidence* § 6726 (Interim Edition); citing J.W. Strong, *McCormick on Evidence* § 254, at 142 (1992)); *see also Harrington v. City of Nashua*, 610 F.3d 24, 31 (1st Cir. 2010) ("Ordinarily, a pleading admitting a fact alleged in an antecedent pleading is treated as a binding judicial admission, removing the fact from contention for the duration of the litigation."); *Soo Line R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) (stating that a "party is bound by what it states in its pleadings"). Accordingly, a party's response in its answer "can be an appropriate basis for granting summary judgment." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing Fed. R. Civ. P. 56(c)). Nonetheless, "there are limits to what parties can admit, *see, e.g., Whitfield v. Mun'y of Farjado*, 564 F.3d 40, 44 (1st Cir. 2009), so it is important to parse the particular admission in each case." *Harrington*, 610 F.3d at 31. "The Court is not obligated to accept as binding judicial admissions statements that are 'legal conclusions' or that are 'unclear.'" *AES Puerto Rico, L.P. v. Trujillo-Panisse*, 133 F. Supp. 3d 409, 427 (D.P.R. 2015) (quoting *Harrington,* 610 F.3d at 31); *see also Debnam v.*

*FedEx Home Delivery*, 766 F.3d 93, 97 n.4 (1st Cir. 2014) (stating that "precedent indicat[es] that 'legal conclusions are rarely considered to be binding judicial admissions'" (quoting *Harrington*, 610 F.3d at 31)).

Plaintiff's contention is supported by the decision in *Lopez v. Reliable Clean-Up & Supports Servs.*, Civil Action No. 3:16-CV-2595-D, 2018 WL 3609271 (N.D. Tex. July 27, 2018). The plaintiffs' relevant allegations in *Lopez* were very similar to Plaintiff's allegations in the instant case: the *Lopez* plaintiffs alleged that during all of the relevant time period, "'Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA[.]'" *Id.* at *13. The defendants admitted these allegations. *See id.* Having denied the defendants' motion for leave to amend their answer, *see id.* at *4-6, the court stated that it could consider the defendants' admission of enterprise coverage as factual support at the summary judgment stage and held, in light of the admissions in the answer, that "defendants ha[d] failed to demonstrate the absence of evidence that [the defendant company] was engaged in commerce subject to the FLSA." *Id.* at *13.

Defendants' response to this contention is unpersuasive. They argue that their answer was not a clear admission of FLSA coverage because they objected to Plaintiff's use of the term "relevant period" as ambiguous. But Defendants' objection to the allegations in these paragraphs was specific. They objected "to the use of the term 'Relevant Period'" (which was not, in fact, the phrase used in the complaint) on the grounds that the relevant period had not been identified or defined with specificity in the complaint and admitted "the remainder" of paragraphs 12 and 13. The remaining – and crucial – allegations in these paragraphs were the allegations that Defendants were engaged in interstate commerce within the meaning of the FLSA and therefore subject to its provisions. An answer denying a certain allegation in a

7

complaint "will not be construed to be a general denial of all its allegations." *McNutt v. Fid. & Deposit Co. of Md.*, 293 F. 367, 369 (1st Cir. 1923). Objections to the use of an allegedly undefined term about a time period cannot reasonably be construed as an objection that also encompassed Plaintiff's plainly phrased allegations of enterprise and individual FLSA coverage.

Nonetheless, in light of the First Circuit's pronouncements, the court is not persuaded that it should adopt the *Lopez* court's reasoning. The First Circuit wrote in *Harrington* that "a court is not obliged to accept a proposition of law simply because one party elects not to contest it." *Harrington*, 610 F.3d at 31 (citing *Comm'l Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007)). Plaintiff's allegations in paragraphs 12 and 13 are conclusory allegations that track the legal standards for FLSA coverage. When a court reads a complaint, "'conclusory allegations that merely parrot the relevant legal standard are disregarded.'" *Martinez*, 792 F.3d at 179 (quoting *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013)). Indeed, in *Martinez*, the First Circuit treated the plaintiff's allegation that his employer was a "covered employer" under the FLSA as a conclusory allegation that should be disregarded. *Id.* (quoting *Manning*, 725 F.3d at 43).

Here, Plaintiff did not plead any *factual* allegations tending to show that Molari's business crossed state lines such that the criteria for enterprise coverage would be satisfied. He did not allege that Molari assigned temporary staff members to any business outside of Massachusetts, recruited temporary employees or sought any business from outside of Massachusetts, or assigned a health aide, personal care assistant, homemaker, or companion to provide services to any individual who resided outside of Massachusetts, nor did he allege that Defendants' services are of a kind that necessarily involve interstate commerce. The same is

true as to individual coverage under the FLSA. Plaintiff did not plead facts about his own activities that would support a conclusion that without the services he performed for Molari, interstate commerce would be impeded. Had Defendants' amended answer contained admissions to factual allegations of this nature, those admissions would be binding. Plaintiff's allegations, however, simply track the language of the FLSA and repeat the legal standard for determining whether an employer is a covered entity. *See Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995) (stating that whether a defendant is an "employer" pursuant to 29 U.S.C. § 203(d) is a question of law); *Donovan v. Weber*, 723 F.2d 1388, 1391–92 (8th Cir. 1984) (stating that the existence of enterprise coverage under the FLSA is a question of law). First Circuit precedent suggests that Defendant's admissions to those allegations should not be treated as binding, *see Harrington*, 631 F.3d at 31, and that those admissions, on their own, are an insufficient basis for finding FLSA coverage.

Defendants have submitted evidence in support of their summary judgment motion tending to show that they are not engaged in interstate commerce. Plaintiff, who has the burden of proof on this point, has not pointed to evidence in the record that would raise a dispute of material fact on this essential element of Plaintiff's case. *See Martinez*, 792 F.3d at 175. For this reason, the court will grant summary judgment for Defendants on Plaintiff's FLSA claim.

2. State Law Claims

Plaintiff's state law claims in Counts II-IV are pending in this court as a result of the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See Wilber v. Curtis*, 872 F.3d 15, 23 (1st Cir. 2017). "[T]he Supreme Court has instructed that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to

9

exercise jurisdiction over the remaining state-law claims.'" *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988); citing 28 U.S.C. § 1367(c)(3)). The First Circuit has repeatedly held that it can be an abuse of discretion for a federal district court to retain jurisdiction over pendent state law claims that remain in a case after a court has determined that judgment should enter on the sole federal claim that has been asserted. *Id.*; *see also, e.g., Best Auto Repair Shop, Inc. v. Universal Ins. Grp.*, 875 F.3d 733, 737 (1st Cir. 2017). The parties vigorously dispute Defendants' liability on the state law claims (Dkt. No. 32 at 7-20; Dkt. No. 35 at 4-20; Dkt. No. 37 at 2-5). Those disputes extend to the applicability of exemptions under the state wage and hour laws. These are "substantial question[s] of state law that [are] better addressed by the state courts." *Wilber*, 872 F.3d at 23. "Accordingly, the [c]ourt sees no reason to exercise supplemental jurisdiction over the [remaining state law] claim[s] in this matter, and Count[s II-IV] will therefore be dismissed." *LeClair v. Mass. Bay Transp. Auth.*, 300 F. Supp. 3d 318, 327 (D. Mass. 2018).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt. No. 31) is ALLOWED in part. Judgment shall enter for Defendants on Count I. The court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts II-IV), which are dismissed without prejudice. The Clerk shall enter judgment in accordance with this order and close the case.

It is so ordered.
Dated: November 20, 2019              /s/ Katherine A. Robertson
                                                    KATHERINE A. ROBERTSON
                                                    U.S. MAGISTRATE JUDGE